IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CATHERINE DENISE RANDOLPH | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. WMN-16-36 |
| | * | |
| U.S. DEPT. OF JUSTICE | * | |
| IDENTITY THEFT TASK FORCE | | |
| | * | |
| Defendant. | | |

\*\*\*\*\*

## MEMORANDUM

Catherine Denise Randolph ("Randolph"), a resident of Baltimore, Maryland, filed this self-represented action on January 6, 2016, naming the U.S. Department of Justice Identity Theft Task Force as respondent/defendant. She bases her case on federal question jurisdiction and seeks the stoppage of "unlawful disclosure by Baltimore City Hackers," "illegal radio talk," and "identity theft." ECF No. 1 at p. 1.

In her statement of facts she first cites to a miscellaneous case which subjects her actions to a pre-filing injunction. *See In re: Randolph*, Miscellaneous No. 15-369 (D. Md. 2015).[1]

Then, in somewhat disjointed statements, Randolph claims that:

> "I am a victim of aggravated identity theft 24/7 home-phone-email-mail invasion-public disclosure without my permission. Violates 18 U.S.C. 1028(A), 18 U.S.C. 2511, 18 U.S.C. 2512, 18 U.S.C. 1467 (prohibits advertising via Federal Communication databases (T.V.–radio-phone sexting) I am making a request for permanent injunction to stop unlawful (stolen) federal surveillance hidden cameras-radio intentional disclosure-declaratory relief (Rule 57) punitive damages (restitution loss time loss wages) I am a victim of identity theft. Please uphold my civil – constitutional rights Free Speech. Free Press peace assembly with injunction relief [to] disconnect forfeit Baltimore City Hackers wiretap devices."

---

[1] The miscellaneous case places a pre-filing injunction on Randolph's submissions under *Cromer v. Kraft Foods N. Am. Inc.*, 390 F.3d 812 (4th Cir. 2004), in light of her vexatious and repetitive filings.

ECF No. 1 at p. 2. Randolph seeks a permanent injunction to "stop disconnect 'stolen' wiretap radio devices-Baltimore City Hackers" and 3 billion dollars in damages. ECF No. 1 at p. 3 & civil cover sheet. Randolph has moved to proceed in forma pauperis, ECF No. 2, and the request shall be granted. Randolph's Complaint shall, however, be summarily dismissed for reasons to follow.

Pursuant to 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted. Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen a non-prisoner complaint); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions); *Evans v. Albaugh*, 2013 WL 5375781 (N. D. W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).[2]

A Complaint is frivolous if it is without "an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this case Plaintiff is self-represented. When reviewing a self-represented complaint, courts hold it "to less stringent standards than formal pleadings drafted by lawyers ..." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A Court, however, may dismiss a claim as frivolous if "the facts alleged are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke*, 404 U.S. at 327).

---

[2] Title 28 U.S.C. Section 1915(e)(2)(B) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

    (B) the action or appeal—
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must also dismiss plaintiff's complaint if it fails to state a claim on which relief may be granted. Although a self-represented plaintiff's pleadings are to be liberally construed, plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). It is axiomatic that "the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him ...." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). In addition, Supreme Court precedent leaves no doubt that the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). Although the plausibility standard is not akin to a "probability requirement," it asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, when a complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* This "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *See Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557).

Sections 1028(A), 2511, 2512, and 1467 of Title 18 of the U.S. Code are criminal statutes and do not provide a basis to impose civil liability. *See Flowers v. Tandy Corp.*, 773 F.2d 585, 588-89 (4th Cir. 1985). Moreover, to the extent that Randolph asserts she is a crime victim, this court has no authority to initiate criminal charges. The decision whether or not to prosecute, and for what offense, rests with the prosecution. *See, e.g., Borderkircher v. Hayes*, 434 U.S. 357, 364

(1978). The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See also Banks v. Buchanan*, 336 Fed. Appx. 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D. D.C. 2012). If Randolph seeks to pursue criminal charges, she must bring her allegations to the attention of law enforcement authorities, not this Court.

Moreover, Randolph has failed to set out any particular claims against the named defendant, the U.S. Department of Justice. Further, the factual assertions and legal conclusions raised in the document amount to rambling statements of blanket criminal and civil rights violations. The allegations are "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," and thus may be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P 12(b)(1). *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Complaint contains no allegations of legal significance, fails to state a claim upon which relief may be granted, and must be dismissed.

Moreover, the Court observes that since August 25, 2014, Randolph has filed fourteen cases regarding alleged wiretapping and interception of communications by a former neighbor at 4234 Shamrock Avenue.[3] The Complaints were accompanied by various motions. They were

---

[3] *See Randolph v. State of Maryland*, Civil Action No. GLR-14-2713 (D. Md.); *Randolph v. New Technology*, Civil Action No. ELH-14-3068 (D. Md.); *Randolph v. Baltimore City States Attorney*, Civil Action No. WDQ-14-3176 (D. Md.); *Randolph v. U.S. Attorney General*, Civil Action No. GLR-14-3298 (D. Md.); *Randolph v. United States, et al.*, Civil Action No. JFM-14-3609 (D. Md.); *Randolph v. U.S. Attorney*, Civil Action No. CCB-15-9 (D. Md.); *Randolph v. Holder*, Civil Action No. JKB-15-314 (D. Md.); *Randolph v. Holder, et al.*, Civil Action No. JFM-15-552 (D. Md.); *Randolph v. U.S. Attorney General*, Civil Action No. CCB-15-785 (D. Md.); *Randolph v. U.S. Attorney General*, Civil Action No. ELH-15-916 (D. Md.); *Randolph v. U.S. Attorney General*, Civil Action No. ELH-15-982 (D. Md.); *Randolph v. Rosenstein, et al.*, Civil Action No. JFM-15-1137 (D. Md.); *Randolph v. Lynch, et al.*, Civil action No. GLR-15-1311 (D. Md.); and *Randolph v. Lynch, et al.*, Civil action No. JFM-15-2005 (D. Md.).

all summarily dismissed and appeals ensued. The instant case represents a variation of those earlier claims, but states nothing new to the Court. A separate Order shall be entered reflecting the rulings entered herein.

                                                               /s/
                                       William M. Nickerson
                                       Senior United States District Judge

Date: January 8, 2016